GLENN D. DASSOFF (SB# 096809)
glenndassoff@paulhastings.com
BENJAMIN M. CUTCHSHAW (SB# 263483)
bencutchshaw@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: 1(714) 668-6200
Facsimile: 1(714) 979-1921

Attorneys for Plaintiffs
Telogis, Inc. and Kelly Frey

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TELOGIS, INC. and KELLY FREY,

Plaintiffs,

vs.

BIGROAD INCORPORATED,

Defendant.

CASE NO. ______________

**COMPLAINT FOR:**

**(1) DECLARATORY RELIEF (CAL. CODE CIV. PROC. § 1060 ET SEQ.)**

**(2) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)**

Plaintiffs Telogis, Inc. ("Telogis") and Kelly Frey (collectively, "Plaintiffs"), through their attorneys, allege as follows against Defendant BigRoad Incorporated ("BigRoad" or "Defendant"):

**NATURE OF ACTION**

1. This is an action for declaratory relief and unfair competition arising out of an attempt to prevent Frey, a California resident, from working for Telogis in California. Defendant BigRoad is a Canadian corporation attempting to enforce unlawful restrictive covenants that purport to prohibit Frey from working in his profession ***anywhere*** in North America. BigRoad has filed or has threatened to file a civil action in Canada against both Frey and Telogis to enforce these unlawful restrictive covenants necessitating the filing of this action.

2. California has an express, fundamental public policy against contracts that restrain employees from pursuing their chosen employment. Specifically, California Business and Professions Code section 16600 ("Section 16600") provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The California Supreme Court's decision in *Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008), confirmed that Section 16600 prohibits non-compete provisions that, like the unlawful and unenforceable provisions in this case, exceed recognized statutory exceptions. In addition, the decision of the California Court of Appeal in *Application Group v. Hunter Group*, 61 Cal. App. 4th 881 (1998), confirmed that California law applies to determine the enforceability of a non-competition provision in an employment agreement between an employee and an employer whose business is based outside of California, where a California-based employer recruits or hires the employee for employment in California. To the extent any restrictive covenant purports to restrict Frey's right to engage in his chosen employment with Telogis in California, it is invalid and unenforceable as a matter of law under Section 16600.

3. Plaintiffs seek a declaration under Cal. Code Civ. Proc. § 1060 as to the respective rights and duties of Telogis, Frey, and BigRoad with respect to any restrictive covenants that purport to restrain Frey's ability to work for Telogis. Specifically, Plaintiffs seek a declaration that Frey is entitled to continue to work for Telogis, and that the restrictive covenants do not prohibit him from doing so in any way—whether under a non-competition or non-disclosure provision.

4. Plaintiffs further seek a declaration that, to the extent a restrictive covenant is read to prohibit Frey from working for Telogis, it is an unenforceable restraint on Frey's ability to engage in a lawful profession, trade, or business.

5. Plaintiffs also seek injunctive and other relief to prohibit BigRoad from continuing its attempt to enforce restrictive covenants that violate California's strong public policy favoring employee mobility.

## JURISDICTION AND VENUE

6. As described more fully below, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391, as it is where a substantial part of the events giving rise to the claims asserted occurred.

## THE PARTIES

8. Telogis is a Delaware corporation, with its principal place of business in Aliso Viejo, California. Telogis is in the business of providing location-based fleet management and route optimization solutions.

9. Frey is a Canadian citizen and resident of California since August 2013. He is currently under contract with Telogis as its Vice President, Product Marketing-Route. He began his employment with Telogis in November 2013.

10. On information and belief, BigRoad is a Canadian corporation with its principal place of business in Ontario, Canada. BigRoad conducts business in California.

## GENERAL FACTUAL ALLEGATIONS

Frey's Employment in California

11. Frey co-founded BigRoad in 2011 while living in Canada. During BigRoad's initial years, Frey was involved in product development and sales of BigRoad's core product which monitors the driving hours of commercial vehicles for regulatory compliance and driver safety.

12. In August 2013, Frey moved to California to establish a presence there for BigRoad and expand its access to venture-capital investors. Only months after settling in California, BigRoad elected to terminate its California operations and ordered Frey back to Canada. Rather than uproot and move again, Frey resigned from BigRoad effective October 11, 2013.

13. Frey and BigRoad entered into a release agreement finalizing Frey's termination (the "Release Agreement"). As a condition of Frey's resignation, BigRoad agreed to pay Frey's base salary for six months or until Frey secured new employment. Frey immediately began his search for a new job in California.

14. In November 2013, Frey secured new employment with Telogis. Frey's primary role with Telogis is advancing marketing efforts for Telogis' route-optimization products. This is a new area for Frey as BigRoad does not offer a similar product or service.

15. Upon notification in November 2013 that Frey had secured employment with Telogis, BigRoad ceased making Frey's salary payments per the Release Agreement. BigRoad did not object initially, or for almost six months, to Frey's employment with Telogis.

BigRoad Seeks to Prevent Frey from Working in California

16. On May 8, 2014—nearly six months after BigRoad was notified of Frey's employment with Telogis—BigRoad's counsel sent threatening demand letters to Frey and Telogis (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit A**.

17. The Demand Letter insists that Telogis "immediately terminat[e]" Frey's employment and threatens to make Telogis "a party to [] proceedings which will seek an injunction and damages against [Telogis] and [Frey]." The Demand Letter further accuses Telogis of "committing the torts of Conspiracy to injure [BigRoad] and Intentionally interfering with [BigRoad's] economic relations."

18. The Demand Letter includes excerpts from various agreements between BigRoad and Frey including an employment agreement (the "Employment Agreement") and a December 31, 2012 Amended and Restated Shareholders' Agreement (the "Shareholders' Agreement") (collectively, the "Agreements").

The Agreements Contain Unenforceable Restrictive Covenants

19. As a condition of employment with BigRoad, Frey was required to sign the Employment Agreement which contains a non-competition provision. The provision purports to prohibit Frey from competing with BigRoad in North America for a period of 18 months.

20. Specifically, Section 16(a) (Non-Competition) of the Employment Agreement states:

> During the Term and for a period of twelve (12) months plus an additional three (3) months for each year of service with [BigRoad], up to an aggregate maximum of twenty-four (24) months from the date on which [Frey's] employment with [BigRoad] ceases, [Frey] acknowledges and agrees that he will not participate as an owner, shareholder, director, officer, employee, consultant or in any other capacity in any business

> venture which competes with, or likely as a result of the participation of [Frey] to become competitive with [BigRoad] in North America.

<u>No Disclosure of BigRoad's Confidential Information</u>

21. The Demand Letter also excerpts the Employment Agreement's non-disclosure provision and the Shareholders' Agreement's confidentiality clause but does not allege any specific violations thereof.

22. In fact, as a condition of Frey's employment with Telogis, Frey executed an agreement promising not to use or disclose any confidential information of a former employer (the "Proprietary Information Agreement"). A true and correct copy of the Proprietary Information Agreement is attached hereto as **Exhibit B**. Pursuant to the section 2.6 of the Proprietary Information Agreement, Frey has promised:

> [N]ot to improperly use or disclose any confidential information or trade secrets, if any, of any former employer or any other person to whom I have an obligation of confidentiality or bring onto [Telogis'] premises any unpublished documents or any property belonging to any former employer or any other person to whom I have an obligation of confidentiality unless consented to in writing by that former employer or person.

23. In sum, Plaintiffs contend that the non-competition provision in the Employment Agreement is unenforceable. Moreover, to the extent they are enforceable, Plaintiffs contend that Frey has complied with and will continue to comply with the non-disclosure and confidentiality provisions in the Agreements.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief Against Defendant)**

24. Plaintiffs allege and incorporate by reference the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint as though set forth fully herein.

25. Frey works for and wishes to continue to work for Telogis in California. Frey believes and argues that nothing in any of the Agreements prohibits him from working for Telogis in California, and/or that if any provision in any of the Agreements does so purport to prohibit him, such provision is void and unenforceable. Frey bases such belief and argument on Section 16600, the California Supreme Court's decision in *Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008), the decision of the California Court of Appeal in *Application Group v. Hunter Group*, 61 Cal. App. 4th 881 (1998), and other related case law, which confirms that non-compete provisions are void and unenforceable in California.

26. Defendant is seeking to enforce the non-competition restrictive covenants of the Employment Agreement to prohibit Frey from continuing to work for Telogis in California, including by instituting or threatening to institute a civil action against Plaintiffs in Canada.

27. An actual controversy therefore has arisen and now exists between Plaintiffs, on the one hand, and Defendant, on the other hand, regarding Frey's obligations, or lack thereof, under the Agreements.

28. Plaintiffs desire a judicial determination of Frey's obligations and duties pursuant to the Agreements, and specifically seek a determination that: (1) by accepting employment with Telogis in California, Frey has not violated any of the Agreements; (2) none of the Agreements can be enforced to prohibit Frey from continuing to work for Telogis in California or to prohibit Telogis from continuing to employ Frey in California; and (3) to the extent that Frey's employment with Telogis violates the non-competition provisions of the Employment Agreement, the agreement is void and unenforceable. A judicial determination is necessary and appropriate at this time under the circumstances so that the parties may ascertain their rights, duties, and obligations pursuant to the Agreements.

29. Plaintiffs have no other existing, speedy, accurate, or proper remedy other than that prayed for by which the rights and obligations of the parties may be determined.

**SECOND CAUSE OF ACTION**

**(Unfair Competition Against Defendant)**

30. Plaintiffs allege and incorporate by reference the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint as though set forth fully herein.

31. As set forth above, Defendant has violated and continues to violate Cal. Bus. & Prof. Code § 17200 et seq. (the "Unfair Competition Law"). The Unfair Competition Law provides that unfair competition shall mean and include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

32. Through the conduct alleged herein, Defendant has engaged in acts of unfair competition within the meaning of the Unfair Competition Law, and with the intent to injure Plaintiffs. The aforementioned conduct of Defendant in attempting to enforce unenforceable restrictive covenants, attempting to prevent Frey from engaging in the profession of his choosing, and/or attempting to prevent Telogis from continuing to employ Frey in the profession of his choosing, constitutes unfair competition in violation of the Unfair Competition Law. Defendant's conduct violates Section 16600 and offends the established public policy in California favoring open competition and employee mobility.

33. Pursuant to California Business and Professions Code sections 17203 and 17204, by virtue of Defendant's conduct constituting unfair competition within the meaning of the Unfair Competition Law, Frey is entitled to temporary and permanent injunctive relief enjoining Defendant, and all individuals and entities acting in concert with it, from engaging in further conduct constituting

unfair competition. Frey also seeks compensation for attorneys' fees incurred as a result of Defendant's unfair business practices.

34. The wrongful attempts by Defendant to prohibit Frey from engaging in the profession of his choosing in California will cause immediate and irreparable harm to Frey.

35. Plaintiffs have no adequate remedy at law to compel Defendant to cease its wrongful acts as alleged herein. Unless this Court grants an injunction, Frey may be compelled to discontinue his employment with Telogis and may lose the employment opportunity to another individual. Frey's damages are irreparable because it would be extremely difficult to ascertain the amount of compensation which will afford Plaintiffs adequate relief if Defendant is not enjoined at this time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment in favor of Plaintiffs and against Defendant as follows:

1. For a declaration that: (1) by accepting employment with Telogis in California, Frey has not violated any of the Agreements; (2) none of the Agreements can be enforced to prohibit Frey from continuing to work for Telogis in California or to prohibit Telogis from continuing to employ Frey in California; and (3) to the extent that Frey's employment with Telogis violates the non-competition provision of the Employment Agreement, the Agreement is void and unenforceable;

2. For temporary, preliminary, and permanent injunctive relief enjoining Defendant, and individuals and entities acting in concert with it, from engaging in further conduct constituting unfair competition;

3. For attorneys' fees according to proof; and

4. For such other and further relief as this Court deems appropriate, including costs.

Dated: May 8, 2014 By: /s/

Glenn D. Dassoff
glenndassoff@paulhastings.com
Benjamin M. Cutchshaw
bencutchshaw@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: 1(714) 668-6200
Facsimile:1(714) 979-1921

Attorneys for Plaintiffs